IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15CV323

| | | |
|---|---|---|
| JOSEPH BARRON, JR., and<br>THOMASINA BARRON, | )<br>)<br>) | |
| Appellants, | )<br>) | |
| vs. | )<br>) | ORDER |
| ISSA IBRAHIM RAFIDI, | )<br>) | |
| Appellee. | )<br>) | |

This matter is before the court upon Appellee's Motion to Dismiss. Appellants filed a Notice of Appeal on July 21, 2015. Under Bankruptcy Rule 8009(a)(1)(B) Appellants had 14 days thereafter to file their designation of the record on appeal and statement of issues on appeal. Appellants have yet to file or serve their designation and statement of issues.

On November 10, 2015, the court entered an Order allowing the Appellants ten days to file with the court a written explanation as to why they have failed to prosecute this appeal. The Appellants filed a response *pro se* that failed to address the show cause Order.

Federal Rule of Bankruptcy Procedure 8003(a)(2) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." The Fourth Circuit has stated that "it is clear that the district court has within its discretion the power to impose sanctions including dismissal upon an appellant for not complying with the procedural requirements of the bankruptcy rules." *Serra*

1

*Builders, Inc. v. John Hanson Savings Bank, F.S.B. (In re Serra Builders, Inc.)*, 970 F.2d 1309, 1311 (4th Cir. 1992). Prior to the dismissal of an appeal, however, the could should consider the following factors: (1) bad faith or negligence on the part of the appellant; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on other parties; or (4) indicate that the court considered the impact of the sanction and available alternatives. *Id.*

The court finds that Appellants' failure to timely file and serve a designation of the record and statement of issues to be presented on appeal, while perhaps not in bad faith, is certainly negligent. It matters not that the Appellants are *pro se*. *Harden v. Gallion (In re Guaranteed Better Sales Marketing, Inc.)*, 870 F.2d 654 (4th Cir. 1989) (unpublished) (in affirming the dismissal of a bankruptcy appeal for failure to comply with the 10 day filing requirement of Bankruptcy Rule 8002(a), the court stated that "[m]isinterpretation or ignorance of the applicable time limits even by *pro se* litigants does not constitute excusable neglect").

As noted above, the court has given the Appellants notice and an opportunity to explain the delay. Appellants have failed to address the delay in filing the required items.

The third prong of the *Serra Builders* test is satisfied because the Trustee is unable to administer and close the bankruptcy estate until this appeal is resolved. Finally, consideration of the fourth prong of the *Serra Builders* test indicates that dismissal is appropriate because any lesser sanction would have the perverse result of rewarding Appellants for their failure to comply with Bankruptcy Rule 8009. If this court imposes any sanction other than dismissal, it will countenance Appellants' "abuse [of] the judicial process by creating a procedural delay without any real threat of penalty." *In re Fitzsimmons*, 920 F.2d 1468, 1474 (9th Cir. 1990).

The record before this court establishes that Appellants have failed to comply with mandatory provisions for prosecuting their appeal and dismissal is warranted. Accordingly, IT IS THEREFORE ORDERED that this appeal is dismissed with prejudice.

Signed: November 16, 2015

Graham C. Mullen
United States District Judge